Case 4:23-cv-01122   Document 19   Filed on 08/02/23 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
August 02, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PHILIP TRAUGOTT BUCKLER, § § Plaintiff, § § v. § § LLOYD J. AUSTIN, III, in his official § capacity as United States Secretary of § Defense, *et al.*, § § Defendants. § | CIVIL CASE NO. H-23-1122 |

**MEMORANDUM AND OPINION**

The defendants have moved to transfer this action to the Western District of Texas under 28 U.S.C. § 1404(a) and § 1406(a). The defendants argue that venue is improper in this district and, even if venue were proper, the court should transfer this suit because the plaintiff, Maj. Philip Buckler, previously filed a similar lawsuit in the Western District against the same defendants complaining of the same Department of Defense masking rules.[1] (Docket Entry No. 12; *see also* Docket Entry No. 13, Exh. A (Compl., *Buckler v. Austin*, No. 3:22-cv-368 (W.D. Tex.)). The defendants have also moved to stay this action until their motion to transfer is resolved. (Docket Entry No. 14).

Because venue is improper in this district, the court grants the motion to transfer under § 1406(a) and denies the motion to stay as moot. The reasons are as follows.

---

[1] Buckler voluntarily dismissed his Western District action after the district court admonished him for failing to serve the defendants as directed. (Docket Entry No. 13, Exhs. C (order to show cause), D (stipulation of dismissal)).

I.     **Analysis**

The defendants move under § 1406(a), which authorizes the district court to dismiss or transfer a case filed in an improper venue. The venue statute, 28 U.S.C. § 1391, allows plaintiffs, with some restrictions, to choose where to file suit. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312–13 (5th Cir. 2008) (en banc). All defendants in this lawsuit are officers or employees of the United States. Subsection (e) of the venue statute specifies requirements that must be met to establish proper venue in suits against federal officer or employee defendants:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

28 U.S.C. § 1391(e)(1).

The defendants argue, and Buckler does not seriously dispute, that venue in this district is improper because none of the requirements of § 1391(e)(1) are met. Buckler argues that because the issues in this case "are not intricately tied to the Western District, and the alleged events and omissions have broader implications that extend beyond any specific district as it relates to [the Religious Freedom Restoration Act]," venue is proper in this district. (Docket Entry No. 15 at 3). Buckler also notes that he would be subject to the same requirements regardless of the military installation at which he is stationed. (*Id.*). In support of this argument, Buckler cites *U.S. Navy Seals 1–26 v. Biden*, 27 F.4th 336 (5th Cir. 2022).

The *Navy Seals* case says nothing about venue. In that case, the appellate court affirmed a preliminary injunction in favor of active duty servicemembers complaining about the Navy's

2

refusal to grant certain exceptions to Covid-19 vaccination requirements. Although the court noted that, during the pendency of the appeal, the defendants had moved to transfer venue, *id.* at 345 n.7, it did not opine as to whether that motion should be granted by the district court. Section 1391(e) does not exempt actions that implicate governmental policies extending beyond the district in which the action is brought.

> In his Western District complaint, Buckler alleged:
>
> Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) because Plaintiff's home of record is in El Paso County, Texas, and because the location in which the original violations took place and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred are in El Paso, Texas, within the District of this Court.

(Docket Entry No. 13, Exh. A ¶ 13). Buckler has taken care not to contradict these allegations with the complaint filed in this action, in which he alleges the following:

> Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) because Plaintiff's home of record is in Texas, he has family in Houston, Texas and he intends to return home to Houston Texas to practice dentistry, where he is licensed as a D.D.S., upon his eventual separation from the military. Moreover, the location in which the original violations took place and a substantial part of the events or omissions giving rise to Plaintiff's claims initially occurred in Texas.

(Docket Entry No. 1 ¶ 13). These allegations do not speak to the requirements for establishing venue for suits against officers or employees of the United States. Venue is not proper in the Southern District.

**II.     Conclusion**

The motion to transfer, (Docket Entry No. 12), is granted under § 1406(a). The court will separately enter an order transferring this case to the Western District of Texas. The motion to stay, (Docket Entry No. 14), is denied as moot.

SIGNED on August 2, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge